**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**GENE TRUMAN SMITH,**

      **Petitioner,**

**v.**                                 **Case No. 3:21cv2428-MCR/MAF**

**RICKY D. DIXON, Secretary,
Florida Department of Corrections,**

      **Respondent.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

On November 10, 2021, Petitioner Gene Truman Smith, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On May 12, 2022, Respondent filed an answer, with exhibits. ECF No. 11. Petitioner has filed a reply. ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. For the reasons stated herein, the pleadings and attachments before the Court show Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## Procedural Background

By information filed November 22, 2016, in Escambia County Circuit Court Case 2016-CF-5820A, the State of Florida charged Petitioner Gene Truman Smith one count of capital sexual battery, in violation of section 794.011(2)(a), Florida Statutes, in connection with events that occurred on or between January 8, 2013, and October 15, 2016.  Ex. B1 at 7.[1]  Smith proceeded to a bench trial on April 5, 2018.  Ex. B1 at 23-177 (trial transcript). Smith testified at the trial.  *Id*. at 158-66.  The judge found him guilty as charged and sentenced him to life in prison.  *Id*. at 174-75, 192-99.

Smith appealed to the First District Court of Appeal (First DCA), assigned case number 1D18-1661.  Ex. B1 at 211.  He filed an Initial Brief raising two points.  Ex. B2.  The State filed an Answer Brief.  Ex. B3.  On April 5, 2019, a panel consisting of Judges Roberts, Kelsey, and Winsor issued a written per curiam opinion affirming the conviction and sentence. Ex. B4; Smith v. State, 299 So. 3d 413 (Fla. 1st DCA 2019).  The opinion provides, in part:

> Based on acts involving his biological daughter, Gene Smith was charged with capital sexual battery.  Smith waived his right to a jury trial, opting to let a judge decide his guilt or innocence.  The judge heard testimony from the victim, who was seven at the time of the conduct and nine by the time of trial.  The

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 11.

victim testified that Smith forced her to perform sex acts on him in a motel room while Smith's infant child – the victim's half-brother – rested in a baby carrier nearby. Then the infant's mother testified, explaining that she witnessed the act after walking in on Smith unexpectedly. And a second woman testified that she entered the room right after the incident, not seeing the act itself but witnessing its immediate aftermath. In addition, the judge watched a video of the victim's child-protection-team interview. And the judge also heard a recorded jail call between Smith and the infant's mother.

After hearing the evidence, the judge found Smith guilty and sentenced him to life in prison. Smith appeals, raising two issues. First, he contends that the trial court should have excluded the video of the child's interview. Second, he contends the jail call audio was inadmissible hearsay. We reject both contentions.

Smith, 299 So. 3d at 414. The court concluded the trial judge did not abuse his discretion on either point and, even if he had on the second point, any error was harmless. *Id.* at 415.

On April 16, 2019, Smith filed a Motion for Extension of Time to File for Rehearing and Motion to Dismiss Counsel, Ex. B5, which the First DCA denied by order on April 25, 2019, Ex. B6. The mandate issued April 26, 2019. Ex. B7.

On May 23, 2019, Smith filed a pro se Notice to Invoke the Discretionary Jurisdiction of the Florida Supreme Court, Ex. B8, assigned case number SC19-905. The Florida Supreme Court dismissed the cause as untimely on June 3, 2019. Ex. C.

On June 22, 2020, Smith filed a pro se motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. D1 at 7-43 (exclusive of attachments).  Smith also filed a motion for appointment of counsel.  *Id*. at 122-23.  By order on August 10, 2020, the state postconviction trial court struck the motion as "insufficiently pled" and allowed time for filing an amended motion.  *Id*. at 126-27.  The court also denied the motion for appointment of counsel, without prejudice.  *Id*. at 127.  On November 30, 2020, Smith filed an amended Rule 3.850 motion, asserting twelve (12) claims of ineffective assistance of counsel (IAC).  *Id*. at 135-70.  By order rendered May 4, 2021, the state postconviction court summarily denied relief.  *Id*. at 171-85 (exclusive of attachments).  Smith appealed to the First DCA, assigned case number 1D21-1672, and he filed an Initial Brief.  Ex. D1 at 271-73: Ex. D2.  The State filed an Answer Brief, Ex. D3, and Smith filed a Reply Brief, Ex. D4.  On October 8, 2021, a three-judge panel of the First DCA, comprised of Judges Kelsey, Nordby, and Long, per curiam affirmed the case without a written opinion.  Ex. D5; <u>Smith v. State</u>, 326 So. 3d 1091 (Fla. 1st DCA 2021).  The mandate issued November 5, 2021.  Ex. D6.

As indicated above, Smith filed his § 2254 petition on November 10, 2021.  ECF No. 1.  He raises six grounds, all alleging IAC:

(1) **IAC – Waiver of Jury Trial**:  Trial counsel provided ineffective assistance by coercing him to waive his right to a jury trial.  *Id*. at 8-9.  When Petitioner wanted to reject a plea, counsel told him "if Petitioner did not accept the plea and did proceed to trial that the only trial that defense counsel [would] represent him in would be a bench trial," *id*. at 8, otherwise "counsel would immediately drop his case and force Petitioner to proceed to trial without an attorney, *id*. at 9.

(2) **IAC – Failure to Investigate State Witness**:  Trial counsel provided ineffective assistance by failing to "investigate State witness Amber Champion's motive to fabricate the alleged battery and coercing the alleged victim to falsify allegations against Defendant."  *Id*. at 13.

(3) **IAC – Cross-Examination of Victim**:  Trial counsel provided ineffective assistance by failing "to fully and effectively cross-examine the alleged victim and impeach her."  *Id*. at 17.

(4) **IAC – Failure to Challenge Statements in CPT Interview**:  Trial counsel provided ineffective assistance "by failing to move for irrelevant prejudicial statements and opinions to be redacted from M.B.'s Child Protection Team interview that was admitted under the child hearsay exception."  *Id*. at 20.

(5) **IAC – Failure to Move for More Particular Statement**:  Trial counsel provided ineffective assistance by failing "to file a motion for a more particular statement to require the State to narrow the extensive time frame and to charge only one specific allegation per count."  *Id*. at 23.

(6) **IAC – Cumulative Error**:  "Petitioner's constitutional rights to a fair and impartial trial, due process, and the effective assistance of counsel guaranteed by the Fifth, Sixth, and Fourteenth Amendments were violated due to the cumulative effect of defense counsel's errors . . . ."  *Id*. at 26.

On May 12, 2022, Respondent filed an answer, with exhibits.  ECF No. 11.

Smith filed a reply on May 27, 2022.  ECF No. 12.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  *Id*.

For ineffective assistance of counsel (IAC) claims, the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that

standard." *Id.* It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." *Id.*

## Ground 1: IAC – Waiver of Jury Trial

In his first ground, Petitioner Smith asserts his trial counsel provided ineffective assistance by not advising him of the ramifications of waiving his right to a jury trial. ECF No. 1 at 8. He asserts counsel coerced him to waive this right "just so that Petitioner did not have to take a plea agreement." *Id*. When he informed his counsel that he did not want to accept a plea, counsel "became enraged and he told Petitioner that if Petitioner did not accept the plea and did proceed to trial that the only trial that defense counsel [would] represent him in would be a bench trial because of counsel's general lack of time to conduct a jury trial." *Id*. Counsel told him that if he did not sign the waiver, "counsel would immediately drop his case and force Petitioner to proceed to trial without an attorney." *Id*. at 9. *See* ECF No. 12 at 2-9.

As Respondent indicates, ECF No. 11 at 25, Smith raised this claim as the third ground in his amended Rule 3.850 motion, Ex. D1 at 144-46. After setting forth the Strickland standard, the state trial court denied the claim:

> Defendant claims counsel was ineffective for failing to advise Defendant of the pros and cons of waiving a jury trial and by coercing Defendant to involuntarily waive his right to a jury trial. He alleges counsel refused to tell Defendant what a bench trial was and how it differed from a jury trial. Defendant further alleges counsel failed to advise him of the cons and risks of a

> bench trial and told Defendant if he did not waive a jury trial, counsel would withdraw and Defendant would go to trial without a lawyer.  Defendant asserts had counsel properly advised him, he would not have waived a jury trial, and his waiver was involuntary due to counsel's coercion.
>
> The record shows Defendant signed a Waiver of Jury Trial on March 8, 2018, by which he represented to the trial court that his waiver was freely and voluntarily [made] and that he had not been subjected to any threats, pressure, or coercion to induce the waiver. (Exhibit D).  At the hearing of May 8, 2018, Defendant affirmed under oath that he was waiving his right to a jury trial, he understood a judge would decide the facts of his case, he had discussed the waiver with counsel and was satisfied with counsel's advice, and the waiver was Defendant's choice. (Exhibit E, p. 4-6.)  Defendant's claim is therefore refuted by the record.  *See* 930 So. 2d 830.
>
> Otherwise, Defendant's claim is insufficiently pled where he fails to allege facts that the outcome of the trial would have been different but for the alleged ineffectiveness of counsel.  *See* Christie v. State, 737 So. 2d 1157, 1158 (Fla. 1st DCA 1999).

Ex. D1 at 175-76.

As set forth above, Smith appealed the denial of postconviction relief and, on October 8, 2021, the First DCA per curiam affirmed the case without a written opinion.  Ex. D5; Smith v. State, 326 So. 3d 1091 (Fla. 1st DCA 2021).  This adjudication on the merits is entitled to AEDPA deference under 28 U.S.C. § 2254(d), even though no reasoning is set forth in the decision. *See* Richter, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any

indication or state-law procedural principles to the contrary."); <u>Wright v. Sec'y, Dep't of Corr.</u>, 278 F.3d 1245, 1254-55 (11th Cir. 2002).  A review of the record supports the state courts' determination.  *See* <u>Wilson v. Sellers</u>, -- U.S. --, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale.  It should then presume that the unexplained decision adopted the same reasoning.").

Specifically, the record contains a written Waiver of Jury Trial, signed by Smith and his attorney, dated March 8, 2018, and filed with the trial court that same day.  Ex. B1 at 22.  The waiver provides:

> Comes now, Gene Truman Smith, defendant in this cause and waives trial by jury in accordance with Florida Rules of Criminal Procedure 3.260 and requests that the matter be tried to the court sitting without a jury.

> Defendant represents to the court that the waiver is made freely and voluntarily and that the defendant has not been subjected to any threats, pressure or coercion to induce this waiver, nor has the defendant been assured of any leniency or expectations of reward in consideration of this waiver of jury trial.

*Id*.

The record also contains the transcript of the pretrial hearing, held March 8, 2018, during which defense counsel indicated Smith had brought up the issue to him, of waiving a jury trial, and Smith represented to the trial court that he had discussed his decision with his attorney, he understood he

was waiving his right to have a jury decide the facts of his case, and he was

satisfied with the advice he had received:

> THE COURT:   What Mr. Mitchell [defense counsel] has just handed me is a form waiving your right to jury trial in Case 16-5820.
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:   That's the sexual assault case.   Have you discussed that with Mr. Mitchell?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  And I know you actually brought it up at docket day last week, the possibility of doing it.   I think you did. Somebody did.
>
> MR. MITCHELL:  It wasn't Mr. Smith.
>
> THE COURT:  I'm sorry.  It wasn't you.  It was somebody else.
>
> MR. MITCHELL:  But he did bring it up to me.
>
> THE COURT:  I saw nearly 300 cases at docket day.  It doesn't surprise me if I've confused one with another.
>
> THE DEFENDANT:  God bless you, Your Honor.
>
> THE COURT:  Okay.  You understand you have the right to a trial by jury.  You have the right to waive that.  So does the State. I mean, the State – I assume the State is agreeing to the waiver of jury trial.
>
> MS. COOK [prosecutor]:  Yes, Your Honor.
>
> MR. MITCHELL:  I signed on that document, Your Honor.
>
> THE COURT:  Yes.  And Ms. Cook has signed this as well.

All right.  You understand by doing this, you are waiving your right to have a jury decide the facts in this case?  It will be a judge, most likely me.  You've discussed that with Mr. Mitchell?

THE DEFENDANT:  Yes.

THE COURT:  You're satisfied with the advice you've received and that you've talked about it enough?

THE DEFENDANT:  Yes, sir.

THE COURT:  Very well.

Ex. B9 at 4-6.  *See, e.g.*, <u>Norton v. Florida</u>, No. 8:05cv1417-T-27MAP, 2008 WL 2156755 at *9 (M.D. Fla. May 22, 2008) (order denying § 2254 petition and rejecting IAC claim concerning waiver of right to jury trial, and explaining, among other things:  "[I]t is undisputed that she executed the written waiver form which explained her right to a jury trial, and that by signing the form she was voluntarily waiving her right to a jury trial and the case would be decided by the Judge.  Given this written waiver, the record demonstrates a knowing and voluntary waiver.  The Sixth Amendment does not require a particular colloquy by the state trial court." (citing <u>Cabberiza v. Moore</u>, 217 F.3d 1329, 1333-34 (11th Cir. 2000))).

Based on the foregoing, Petitioner Smith has not shown the state courts' rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable

determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  Accordingly, this ground should be denied.

### Ground 2:  IAC – Failure to Investigate State Witness

In his second ground, Petitioner Smith asserts trial counsel provided ineffective assistance by failing to "investigate State witness Amber Champion's motive to fabricate the alleged battery and coercing the alleged victim to falsify allegations against Defendant."  ECF No. 1 at 13.  As Respondent indicates, ECF No. 11 at 7, Smith raised this claim as the fourth ground in his amended Rule 3.850 motion, Ex. D1 at 146-48.  Respondent asserts Smith did not exhaust the claim because he abandoned it in his appeal of the order denying postconviction relief, and the claim is procedurally defaulted because Smith can no longer pursue the claim in state court.  ECF No. 11 at 7-8; *see* Ex. D2.  *See also, e.g.*, Barritt v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1246, 1249 n.3 (11th Cir. 2020) ("Under Florida law, claims for postconviction relief are exhausted once they are appealed to the state district court of appeal."); Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) ("Exhaustion requires that 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999))); Ward v. State,

19 So. 3d 1060, 1061 (Fla. 5th DCA 2009) (holding that appellant abandons challenge to claims summarily denied in postconviction order by not addressing those claims in appellate brief); Watson v. State, 975 So. 2d 572, 573 (Fla. 1st DCA 2008) ("Traditionally, when a defendant submits a brief in an appeal from a summary denial of a postconviction motion, this Court may review only those arguments raised and fully addressed in the brief.").

In his reply, Smith concedes he did not fully exhaust this claim, but asserts he did not intend to abandon the claim. *See* ECF No. 12 at 1, 12. He "takes issue with this procedural requirement of exhaustion" and points to his status as a pro se litigant. *Id*. at 13.

Even if this ground was not unexhausted and procedurally defaulted, however, Smith has not shown entitlement to relief. The state postconviction trial court denied the claim, making the following findings:

> Defendant claims counsel was ineffective for failing to investigate Amber Champion's motive to fabricate the battery and to tamper with the victim to falsely accuse Defendant of sexual abuse. Defendant alleges he told counsel he had broken off his relationship with Champion the morning of the offense, and Champion threatened she was going to get custody of [ ] and get Defendant's truck from him, which he had also stated in his initial police interview. Defendant further alleges [ ] initially denied the abuse and did not claim being abused until after she had spent time with Champion. He also references statements made by [ ] in her deposition, in which she stated Champion wanted to use Defendant's truck all the time, and she felt Champion might have been blackmailing him. Finally, he alleges Champion had a history of fraud and theft charges. Defendant

asserts had counsel investigated and presented such evidence at trial, there was a reasonable probability Defendant would have been acquitted.

At trial, Amber Champion admitted she had been convicted of felonies and a misdemeanor crime of dishonesty. (Exhibit C, p. 44-45.) [Ex. B1 at 67-68.] She went on to testify Defendant was the father of her son, and during the month of October 2016 and the time of the offense they were just friends. (Exhibit C, p. 45, 47, 59.) [Ex. B1 at 67-69, 81.] Champion also testified she was friends with the victim's mother, and after she caught Defendant committing the sexual assault upon the victim at the hotel on October 15, 2016, she called the victim's mother. (Exhibit C, p. 47, 49-50.) [Ex. B1 at 69-72.]

On cross examination, Champion testified that after the incident, she went through custody proceedings with the Department of Children and Families (DCF) about her son, who was now fully in her care. (Exhibit C, p. 68.) [Ex. B1 at 89-90.] There was also testimony that after the incident Champion had been with the victim, the victim's mother, and others at the house of [ ]. (Exhibit C, p. 64, 75.) [Ex. B1 at 86, 97.] In his closing argument, counsel argued Champion threatened to tell law enforcement about her accusation if Defendant did not sign over custody to her. (Exhibit C, p. 149.) [Ex. B1 at 171-73.]

DCF employee Lizeth Thaws testified she interviewed the victim on October 16, 2016, at which time the victim denied being touched inappropriately. (Exhibit C, p. 131-132.) [Ex. B1 at 153-54.] The Child Protection Team (CPT) interview in which the victim stated Defendant made her put her mouth and hands on his penis was later conducted on October 20, 2016. (Exhibit C, p. 100-104, 121.) [Ex. B1 at 122-27, 143.]

The record thus shows evidence was introduced that the victim had initially denied the abuse and that after the incident the victim had been with Champion and that Champion obtained custody of her son. As to the truck, Defendant references statements made by [ ] in her deposition, in which [ ] speculated that Champion knew about the abuse prior to the date of the

> October offense but allowed it to happen so she could continue to use Defendant's truck. (Exhibit F.) [Ex. D1 at 262-63.] Defendant fails to show how such information would lead to evidence that supported a defense that Champion was motivated to lie to obtain Defendant's truck. This claim is insufficient to warrant relief.

Ex. D1 at 176-77 (footnotes omitted). On appeal, the First DCA per curiam affirmed the case without a written opinion. Ex. D5; Smith v. State, 326 So. 3d 1091 (Fla. 1st DCA 2021). This adjudication on the merits is entitled to AEDPA deference under 28 U.S.C. § 2254(d). *See* Richter, 562 U.S. at 99; Wright, 278 F.3d at 1254-55. A review of the record supports the state courts' determination. *See* Wilson, -- U.S. --, 138 S. Ct. at 1192.

In particular, the record references in brackets in the quoted portion of the order, above, support the state post-conviction court's findings regarding the testimony of Amber Champion and Lizeth Thaws. As that court explained, evidence and testimony was presented at the trial that the victim initially denied the abuse and, after the incident, the victim had been with Champion and Champion obtained custody of her son. This is the evidence Petitioner alleges could have discredited the state's witnesses and established their motives to fabricate the allegations against him; thus, defense counsel did not perform deficiently as such evidence was presented.

Based on the foregoing, Petitioner Smith has not shown the state court's rejection of this ground involved an unreasonable application of

clearly established federal law or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

### <u>Ground 3</u>:  IAC – Cross-Examination of Victim

In his third ground, Petitioner Smith asserts his trial counsel provided ineffective assistance by failing "to fully and effectively cross-examine the alleged victim and impeach her."  ECF No. 1 at 17.  As Respondent indicates, ECF No. 11 at 9, Smith raised this claim as the fifth ground in his amended Rule 3.850 motion, Ex. D1 at 148-50.  The state court denied the claim:

> Defendant claims counsel was ineffective for failing to fully and effectively cross examine and impeach the victim. Defendant alleges counsel neglected to attempt to refresh the victim's memory by allowing her to read her statement in the DCF report that indicated the victim denied being touched inappropriately.  He asserts the victim probably would have remembered her denial and would have revealed she was told by others to make the allegations against Defendant.
>
> At trial, the victim testified she did not remember or did not know whether she told anyone at DCF that Defendant never touched her inappropriately.  (Exhibit C, p. 41.)  [Ex. B1 at 63.] According to a DCF report dated November 7, 2018, the victim was interviewed on October 16, 2016, and "made no disclosures of sexually [sic] abuse" but was told by Amber Champion that Defendant was going to jail because "he had done a very bad thing."  (Exhibit G.)  The report also includes statements that the victim disclosed that Defendant had been sexually molesting her for a long period of time.  Defendant's claim and argument based on this report is speculative and fails to state a sufficient ground for relief.

> Within this claim, Defendant also asserts counsel failed to cross examine the victim about statements made in her interview that "semen came out" and her prior inconsistent statement that nothing came out. (Exhibit C, p. 105-106.) [Ex. B1 at 127-28.] He asserts had counsel asked her to explain herself about these inconsistencies, there was a reasonably probability of a different outcome. However, Defendant fails to allege what testimony such questioning would have elicited, and this part of his claim is therefore insufficiently pled. Moreover, the inconsistency was presented to the trier of fact at trial. Even if the victim had further testified nothing came out, there was no reasonable probability of a different outcome.

Ex. D1 at 178 (footnote omitted). On appeal, Smith challenged this denial in his third point. Ex. D2 at 16-18. The First DCA per curiam affirmed the case without a written opinion. Ex. D5. This adjudication on the merits is entitled to AEDPA deference under 28 U.S.C. § 2254(d), even though no reasoning is set forth in the decision. *See* Richter, 562 U.S. at 99; Wright, 278 F.3d at 1254-55. A review of the record supports the state courts' determination. *See* Wilson, -- U.S. --, 138 S. Ct. at 1192.

In particular, the record references in brackets in the quoted portion of the order, above, support the state post-conviction court's findings regarding the testimony of the victim and the DCF interview. As that court explained, the inconsistency between the victim's account in the DCF interview and her trial testimony was presented to the court in the bench trial and, thus, Smith has not shown deficient performance by counsel or prejudice.

Based on the foregoing, Smith has not shown the state court's rejection of this ground involved an unreasonable application of clearly established federal law, or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

### Ground 4:  IAC – Failure to Challenge Statements in CPT Interview

In his fourth ground, Petitioner Smith asserts his trial counsel provided ineffective assistance "by failing to move for irrelevant prejudicial statements and opinions to be redacted from M.B.'s Child Protection Team interview that was admitted under the child hearsay exception." ECF No. 1 at 20. As Respondent indicates, ECF No. 11 at 10, Smith raised this claim as the ninth ground in his amended Rule 3.850 motion, Ex. D1 at 155-56. As with Ground 2, *supra*, Respondent asserts Smith did not exhaust the claim because he abandoned it in his appeal of the order denying postconviction relief, and the claim is procedurally defaulted because Smith can no longer pursue the claim in state court. ECF No. 11 at 10; *see* Ex. D2. *See also, e.g.*, Barritt, 968 F.3d at 1249 n.3; Powell, 602 F.3d at 1269; Ward, 19 So. 3d at 1061; Watson, 975 So. 2d at 573.

In his reply, Smith concedes he did not fully exhaust this claim, but asserts he did not intend to abandon the claim. *See* ECF No. 12 at 1, 12.

He "takes issue with this procedural requirement of exhaustion" and points to his status as a pro se litigant.  *Id*. at 13.

Even if this ground was not unexhausted and procedurally defaulted, Smith has not shown entitlement to relief.  The state postconviction trial court denied the claim, making the following findings:

> Defendant claims counsel was ineffective for failing to move for irrelevant, prejudicial statements to be redacted from [the] victim's recorded CPT interview.  He alleges the victim said he did a very bad thing and he tried to lie.  (Exhibit C, p. 99, 105.) [Ex. B1 at 121, 127.]  Defendant asserts the statements gave the impression Defendant was guilty because he was a bad guy, and had counsel moved to redact them, there was a reasonable probability of a different outcome.

> Also in the interview conducted on October 20, 2016, the victim stated Defendant made her put her mouth and hands on his penis, and when Champion walked in, she saw it.  (Exhibit C, p. 100-104.)  [Ex. B1 at 122-26.]  The victim also stated he made her do it other times, including when she was four years old and another time in his truck.  (Exhibit C, p. 106-111, 119.)  [Ex. B1 at 128-33, 140-41.]

> Based on the record, there was no probability of a different outcome had the two statements challenged by Defendant been redacted.

Ex. D1 at 181-82.

On appeal, the First DCA per curiam affirmed the case without a written opinion.  Ex. D5.  This adjudication on the merits is entitled to AEDPA deference under 28 U.S.C. § 2254(d), even though no reasoning is set forth

in the decision.  *See* <u>Richter</u>, 562 U.S. at 99; <u>Wright</u>, 278 F.3d at 1254-55. A review of the record supports the state courts' determination.  *See* <u>Wilson</u>, -- U.S. --, 138 S. Ct. at 1192.

In particular, the record references in brackets in the quoted portion of the order, above, support the state post-conviction court's findings regarding the testimony of the victim and the DCF interview.  As that court explained, even if defense counsel had challenged the victim's "very bad thing" and "tried to lie" statements, there was no probability of a different outcome given the other testimony and evidence in the record.

Based on the foregoing, Petitioner Smith has not demonstrated that the state courts' rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

### <u>Ground 5</u>:  IAC – Failure to Move for More Particular Statement

In his fifth ground, Petitioner Smith asserts his trial counsel provided ineffective assistance by failing "to file a motion for a more particular statement to require the State to narrow the extensive time frame and to charge only one specific allegation per count."  ECF No. 1 at 23.  As Respondent indicates, ECF No. 11 at 12, Smith raised this claim as the

eleventh ground in his amended Rule 3.850 motion, Ex. D1 at 161-65.  As with Grounds 2 and 5, *supra*, Respondent asserts Smith did not exhaust the claim because he abandoned it in his appeal of the order denying postconviction relief, and the claim is procedurally defaulted because Smith can no longer pursue the claim in state court.  ECF No. 11 at 12-14; *see* Ex. D2.  *See also, e.g.*, <u>Barritt</u>, 968 F.3d at 1249 n.3; <u>Powell</u>, 602 F.3d at 1269; <u>Ward</u>, 19 So. 3d at 1061; <u>Watson</u>, 975 So. 2d at 573.

In his reply, Smith concedes he did not fully exhaust this claim, but asserts he did not intend to abandon the claim.  *See* ECF No. 12 at 1, 12. He "takes issue with this procedural requirement of exhaustion" and points to his status as a pro se litigant.  *Id*. at 13.

Even if this ground was not unexhausted and procedurally defaulted, however, Smith has not shown entitlement to relief.  The state postconviction trial court denied the claim, making the following findings:

> Defendant claims counsel was ineffective for failing to file a motion for a more particular statement to a more narrow timeframe and charge one specific allegation per count.  He asserts a challenge would have eliminated any allegation of abuse other than the October 15, 2016, incident, and there was a reasonable probability the outcome would have been different.
>
> In her CPT interview, the victim stated Defendant had been sexually abusing her since she was four years old and for the last time at the hotel.  (Exhibit C, p. 99-101, 106-108.)  [Ex. B1 at 121-30.]  The victim specified the abuse had occurred once in Defendant's truck but did not remember how old she was when

it occurred. (Exhibit C, p. 109-110.) [Ex. B1 at 131-33.] The victim could not remember another specific occurrence. (Exhibit C, p. 118-119.) [Ex. B1 at 140-41.] At trial, the victim testified that the last time the abuse occurred was at the hotel. (Exhibit C, p. 31.) [Ex. B1 at 53.] It happened more than one time. (Exhibit C, p. 32.) [Ex. B1 at 54.] The information alleged the offenses occurred on or between January 8, 2013, and October 15, 2016, which are the dates of the victim's fourth birthday and the incident at the hotel. (Exhibit B.) [Ex. B1 at 7.]

The record shows the victim could not provide exact dates for any other incident, and therefore the State would not have been able to provide a statement of particulars. It is proper for the State to charge a date range under such circumstances. *See* Bettey v. State, 244 So. 3d 364, 367 (Fla. 1st DCA 2018). Based on the record, there was no reasonable probability a motion would have been granted or that the outcome would have been different had the State limited the charge to the October 15, 2016, offense.

Ex. D1 at 184.

On appeal, the First DCA per curiam affirmed the case without a written opinion. Ex. D5. This adjudication on the merits is entitled to AEDPA deference under 28 U.S.C. § 2254(d), even though no reasoning is set forth in the decision. *See* Richter, 562 U.S. at 99; Wright, 278 F.3d at 1254-55. A review of the record supports the state courts' determination. *See* Wilson, -- U.S. --, 138 S. Ct. at 1192.

In particular, the record references in brackets in the quoted portion of the order, above, support the state post-conviction court's findings regarding the testimony of the victim at trial and her statements in the DCF interview.

As that court explained, the victim could not provide exact dates and, given the circumstances, it was proper for the State to charge a date range between the victim's fourth birthday and the final incident at the hotel. *See, e.g.*, Bettey, 244 So. 3d at 367 ("[T]he testimony indicates that the victims could not provide exact dates, but could only provide how old they were at the time, therefore, the State would not have been able to produce a statement of particulars. But contrary to Appellant's arguments, this would not have led to an acquittal or dismissal of the charges, as the State may charge a date range, and need not specify exact dates if they are not known."); *see also, e.g.*, Lightbourne v. State, 438 So. 2d 380, 384 (Fla. 1983) ("[I]t is not necessary that an indictment or information state the exact date of the offense if such date is not known. Rather the indictment or information in such cases will be deemed sufficient if it is alleged that the offense occurred within stated specific time limits."). Thus, even if defense counsel had filed a motion for a more particular statement, nothing indicates such a motion would have been granted or would have resulted in a different outcome at trial.

Based on the foregoing, Petitioner Smith has not demonstrated that the state courts' rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an

unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).

Accordingly, this ground should be denied.

### <u>Ground 6</u>:  IAC – Cumulative Error

In his sixth ground, Petitioner Smith asserts that his "constitutional

rights to a fair and impartial trial, due process, and the effective assistance

of counsel guaranteed by the Fifth, Sixth, and Fourteenth Amendments were

violated due to the cumulative effect of defense counsel's errors."  ECF No.

1 at 26.  He asserts that "[e]ven where the errors considered individually are

not sufficient to warrant a new trial, the errors' effect must be considered

cumulatively to determine whether Petitioner was denied a fair trial."  *Id*.

Respondent acknowledges that Smith raised this claim in the twelfth

ground of his amended Rule 3.850 motion.  Ex. D1 at 165-66; *see* ECF No.

11 at 14.  Similar to Grounds 2, 4, and 5, *supra*, Respondent asserts Smith

did not exhaust the claim because he abandoned it in his appeal of the

postconviction order, and the claim is procedurally defaulted because Smith

can no longer pursue the claim in state court.  ECF No. 11 at 15; *see* Ex. D2.

In his reply, Smith concedes he did not fully exhaust this claim, but

asserts he did not intend to abandon the claim.  *See* ECF No. 12 at 1, 12.

He "takes issue with this procedural requirement of exhaustion" and points

to his status as a pro se litigant.  *Id*. at 13.

Even if this ground was not procedurally defaulted, Smith has not shown entitlement to relief.  The state postconviction trial court denied the claim, making the following findings:

> Defendant raises a claim of ineffective assistance of counsel based upon the cumulative effect of the claimed errors committed by counsel.  Because Defendant's individual claims of error fail, this claim of cumulative error fails as well.  *See* Israel v. State, 985 So. 2d 510, 520 (Fla. 2008).

Ex. D1 at 185.   On appeal, the First DCA per curiam affirmed the case without a written opinion.  Ex. D5.  This adjudication on the merits is entitled to AEDPA deference under 28 U.S.C. § 2254(d), even though no reasoning is set forth in the decision.  *See* Richter, 562 U.S. at 99; Wright, 278 F.3d at 1254-55.

Indeed, the Eleventh Circuit has rejected an argument of cumulative error in the context of IAC claims.  Forrest v. Fla. Dep't of Corr., 342 F. App'x 560, 565 (11th Cir. 2009) (explaining that "[t]he Supreme Court has not directly addressed the applicability of the cumulative error doctrine in the context of an ineffective assistance of counsel claim" and "the Supreme Court has held, in the context of an ineffective assistance claim, that 'there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt'" (quoting United States v. Cronic, 466 U.S. 648, 659

n.26 (1984))).   Moreover, as the state postconviction court concluded, because each individual ground fails, this ground likewise fails and should be denied.  *See, e.g.*, <u>Morris v. Sec'y, Dep't of Corr.</u>, 677 F.3d 1117, 1132 (11th Cir. 2012) (rejecting claim of cumulative trial court error as "none of Morris's individual claims of error or prejudice have any merit, and therefore we have nothing to accumulate"); *accord, e.g.*, <u>United States v. Chalker</u>, 966 F.3d 1177, 1193-94 (11th Cir. 2020).

## <u>Conclusion</u>

Petitioner Smith is not entitled to federal habeas relief.  It is respectfully **RECOMMENDED** that the § 2254 petition, ECF No. 1, be **DENIED**.

## <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473,

483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument regarding a certificate by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 18, 2023.

S/  Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.